OPINION
This matter comes before the court as an appeal from the August 10, 1999, Journal Entry of the Morrow County Court, Criminal and Traffic Division, denying appellant Clyde M. Columber's Motion to Suppress. Plaintiff-appellee is the State of Ohio. The trial court, in its August 10, 1999, Journal Entry, specifically held as follows: The Court finds that the State established by a preponderance of the evidence that the Trooper had probable cause to initiate a traffic stop, to detain the Defendant, and to arrest Defendant for O.M.V.I. In addition, the court finds that the B.A.C. Datamaster test was given in accordance with the Department of Health Regulations. Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that the Defendant's motion to suppress is hereby overruled.
An Ohio State Trooper arrested appellant on January 29, 1999, and charged appellant with one count of Driving While Under the Influence of Alcohol, in violation of R.C. 4511.19(A)(3), one count of failure to operate a motor vehicle on the right half of the roadway, in violation of R. C. 4511.25(A), one count of failure to fasten his seat belt, in violation of R.C. 4513.263 and on one count of having an open container, in violation of R.C.4301.62(B)(5). Issues raised by the appellant in this case are whether the Ohio State Trooper who arrested appellant had reasonable and articulable suspicion of a traffic violation sufficient to justify a traffic stop and whether the State complied with Ohio Department of Health regulations governing the administration of a breathalyzer test when it tested the appellant. As is stated above, the trial court, in its August 10, 1999, Journal Entry denied appellant's Motion to Suppress and held that the Trooper had probable cause to stop, detain and arrest appellant and that the breathalyzer test was administered in accordance with the proper regulations. Criminal Rule 12(E) states, with respect to pretrial motions, such as appellant's Motion to Suppress that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." Neither in its August 10, 1999, Journal Entry denying appellant's Motion to Suppress nor in the Agreed Statement of the Facts, are the trial court's essential findings of fact presented. Since the record does not reflect that the trial court in this matter issued any findings of fact in accordance with Crim.R. 12(E), this court is unable to determine what the trial court found to be the basis of the probable cause to stop, detain or arrest appellant or how the trial court viewed testimony showing that appellant had something in his mouth prior to the taking of the breathalyzer test and that testimony's potential impact on the State's compliance with the breathalyzer regulations.
Accordingly, the decision of the trial court is reversed and this matter is remanded for findings of fact and conclusions of law, and the issuance of a decision consistent with those findings and conclusions and consistent with this opinion.
By EDWARDS, J. MILLIGAN, V.J. and READER, V.J. concurs